

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2008

# USA v. Grier

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4671

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Grier" (2008). *2008 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4671
_____

UNITED STATES OF AMERICA

v.

SEAN MICHAEL GRIER,
                              Appellant

_____

Appeal from the United States
District Court for the Middle District of Pennsylvania
(M.D. Pa. No. 1:03-CR-0284)
District Court Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*,
(Opinion Filed: December 4, 2008)

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Defendant/Appellant Sean Michael Grier ("Grier") challenges the District Court's sentence enhancement based on Guideline 2K2.1(b)(5).[1] On July 15, 2003, Grier became involved in a physical altercation with Juan Navarro ("Navarro"), his girlfriend's brother, over a missing bicycle. Navarro claims that he told Grier "there's gonna be some problems if I don't have my bike back," to which Grier replied, "let the problem be here and right now." Appx. 129. Grier claims that Navarro said "if I don't get my bike, I'm going to punch you in your face," and Grier responded "you might as well do what you gonna do." Appx. 165. Navarro admits that he punched first, but missed. Appx. 130. Grier dropped his gun while the men wrestled on the ground.

Once the two got back on their feet, Grier had the gun in his hand, and fired two shots into the air to "get control." Appx. 166. Grier pointed the gun at Navarro, who testified that he still tried to attack Grier but bystanders held him back. Appx. 130, 137.[2]

According to Navarro, Grier walked away after firing into the air and Navarro understood the fight was over. Appx. 138. Grier testified that after he fired into the air, he attempted to walk away, but Navarro came after him two more times. Grier responded

---

[1] This provision is now found in Guideline 2K2.1(b)(6).

[2] The testimony in the record is unclear as to whether Grier fired into the air and then pointed the gun at Navarro, or whether he pointed the gun at Navarro and then fired into the air after Navarro was restrained. Appx. 137, 166.

by hitting Navarro in the face with the gun. Appx. 166.[3] Grier discarded the gun in a trash can, and it was discovered by police later and identified as stolen.

Grier was indicted under 18 U.S.C. §§ 922(g)(1) and 924(c). He pleaded guilty to the felon-in-possession charge, and the government dropped the possession count. At sentencing, Grier received a two-level enhancement because the gun was stolen, and a three-level reduction for acceptance of responsibility. With a net offense level of 23 and a criminal history category of V, the recommended Guidelines range was 84-105 months.

The presentence report, however, recommended an enhancement to an offense level of 27 under Guideline 2K2.1(b)(5) because Grier's possession of the gun was "in connection with another felony offense," namely aggravated assault. This boosted the Guidelines range to 120 to 150 months, with a statutory maximum of 120 months.

Grier argued that he had engaged in self-defense or "simple assault by mutual scuffle" under 18 Pa. Cons. Stat. § 2701(b)(1). Grier further argued that such facts must be found beyond a reasonable doubt, not by a mere preponderance. The District Court disagreed, adopted the presentence report,[4] and sentenced Grier to 100 months imprisonment.

Grier appealed, and on June 6, 2006, we affirmed the District Court's legal and

---

[3] Navarro refused medical treatment. Appx. 167.

[4] The District Court did agree with Grier on a downward departure pursuant to Guideline 5K2.10, which reduced the four-level enhancement to two because Navarro was "partly responsible" for the altercation. The government conceded at the second sentencing that such a reduction was warranted. Appx. 190-91.

factual conclusions but remanded for an explanation of the sentence with reference to 18 U.S.C. § 3553(a). Grier was granted a rehearing en banc, and we vacated the panel's decision. United States v. Grier, 475 F.3d 556 (3d Cir. 2007)(en banc). We again affirmed the District Court's use of the preponderance standard, but still remanded for analysis of the section 3553(a) factors and more specific findings for the assault enhancement.

The District Court held a second sentencing hearing on December 10, 2007, and adopted the presentence report, which charged Grier with committing an aggravated assault. The District Court found that Grier had an intent to threaten Navarro with physical harm. Grier filed a timely notice of appeal challenging the District Court's amended criminal judgment of December 11, 2007. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## I.

We "review factual findings relevant to the Guidelines for clear error and . . . exercise plenary review over a district court's interpretation of the Guidelines." Grier, 475 F.3d at 570 (en banc). Grier faults the District Court for making an erroneous finding that he committed aggravated assault. The government contends that the District Court enhanced Grier's sentence based on a finding of simple assault by physical menace. We hold that the District Court did not actually specify which crime it found resulted in an

enhancement. The District Court said:

> Mutual fight or not, I certainly can attribute that perhaps the spark that started this was, let the problem be here and right now, and that's an encouragement to, okay, let's fight it out right now. . . .
>
> But what does matter is the fact that the gun was eventually in his hands, that he pointed it directly at Navarro, then fired it in the air, or vice versa, but at least the gun was pointed to him. And twice, he used the gun and hit him on the face. That, to me, is an *intent to threaten by physical force*. Whether or not Navarro was injured is irrelevant.
>
> And the fact that he was trying to get Navarro to back off, he could have turned around and walked away, which he did, according to one phase, after he fired in the air. There's one version that he turned around and walked away and threw the gun in the trash can. *But I do feel that there was an intent to threaten Navarro with physical harm* both by the firing of the gun, the pointing of the gun, and the hitting him in the face.

Appx. 200-01 (emphasis added).

Grier argues that the District Court erroneously enhanced his sentence based on aggravated assault, and not simple assault by physical menace. Grier says the District Court's findings do not match the elements of simple assault by physical menace,[5] the District Court "adopt[ed] the Presentence Report and guideline application range without change," Appx. 202, and the report listed aggravated assault as the enhancing crime. PSR ¶ 14.

Our reading of the District Court's opinion is that the District Court's findings do

---

[5] Under 18 Pa. Cons. Stat. § 2701(a)(3), simple assault by physical menace requires an "attempt[] by physical menace to put another in fear of imminent serious bodily injury."

not match the elements of aggravated assault.[6]  We believe the District Court's analysis more closely tracks the elements of simple assault by physical menace.  However, because the District Court also stated that the Court adopted the presentence report without change (which indicated the enhancement was based on aggravated assault), we hold that the District Court's findings were ambiguous.

In the previous appeal in this case,  United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007)(en banc), we held that the District Court "did not make any further findings on the question" of aggravated assault, so we refrained "from reviewing its determination regarding the aggravated assault until it has stated more explicitly how it reached Grier's sentence."  We remanded for re-sentencing and requested that the District Court "further elaborat[e] on its findings regarding the factual underpinnings of the assault enhancement."  Id. at 572.

Because we are still uncertain as to the underpinnings of the assault enhancement, which, as we point out, is ambiguous, we will vacate the sentence and remand with instructions to re-sentence Grier with explicit findings on the record as to which offense forms the basis of the enhancement, and the reasons for such an enhancement.  In order

---

[6]  Under 18 Pa. Cons. Stat. § 2702(a)(1), a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."  Under subsection (a)(4), one commits aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

that the record be clarified and unambiguous, we will remand once again to the District Court for compliance with our direction.

II.

We need not address Grier's due process claim because it was raised only for purposes of issue preservation. Furthermore, our prior en banc decision in this case resolved the issue. <u>Grier</u>, 475 F.3d at 568 (en banc).